UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE E. KATZ., M.D. P.C., d/b/a
Juva Skin and Laser Center,
individually and on behalf of all others
similarly situated,

   CASE NO.: 6:23-cv-00910-WWB-RMN

 Plaintiff,

v.

OPS INTERNATIONAL, INC., d/b/a
Olympia Pharmaceuticals, and d/b/a
Olympia Compounding Pharmacy,
a Florida corporation,

 Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, OPS INTERNATIONAL, INC., d/b/a Olympia Pharmaceuticals, and d/b/a Olympia Compounding Pharmacy ("OPS"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss the Class Action Complaint (Doc. 1) (the "Complaint") filed by Plaintiff, BRUCE E. KATZ, M.D. P.C., d/b/a Juva Skin and Laser Center, as follows:

**I. INTRODUCTION.**

Plaintiff purports to assert a class action against OPS for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). This is a

claim with which Plaintiff has acute familiarity, as he files these lawsuits as an apparent side hustle.[1]

Plaintiff's claims are based on a purported fax that he allegedly received, which he claims violates the TCPA. A copy of the alleged fax is attached to the Complaint as Exhibit "A" (the "Fax"). [Doc. 1, p. 14.]

Rather than indicating that it was sent by OPS, the Fax actually states that it was sent by an individual named Tony Ziegler. [Doc. 1, p. 14.][2] Also, the Fax provides purported contact information for Mr. Ziegler and references a website called "steriledrugs.com," while providing no contact information or website for OPS, or any other information indicating that OPS was the sender. [*Id.*] Further, the Complaint

---

[1]    Plaintiff has filed similar complaints in numerous other actions, many of which are largely identical to the Complaint filed in this action. *See, e.g. Bruce E. Katz, M.D., P.C. v. Capital Medical Education, LLC*, 3:20-cv-02524-JMC, Doc. 1 (S.D. S.C. July 3, 2020); *Bruce Katz v. Proven RX Sales, LLC*, 0:20-cv-60464-RS, Doc. 1 (S.D. Fla. March 2, 2020); *Bruce Katz v. Blink Health, Inc.*, 1:23-cv-00795-RA, Doc. 1 (S.D. N.Y. Jan. 31, 2023); *Bruce E. Katz, M.D., P.C. v. Cordell Medical Remarketing Corporation*, 3:20-cv-00550-JAG, Doc. 1 (E.D. Va. Aug. 21, 2020); *Bruce E. Katz, M.D., P.C. v. Licedoctors LLC*, 1:19-cv-06303-ALC, Doc. 1 (S.D. N.Y. July 8, 2019); *Bruce E. Katz, M.D., P.C. v. Curis Pharmacy, LLC*, 1:22-cv-00644-VSB, Doc. 1 (S.D. N.Y. Jan. 25, 2022); *Bruce E. Katz, M.D., P.C. v. Dale Pharmacy & Surgical, Inc.*, 1:20-cv-01876-WFK-TAM, Doc. 1 (E.D. N.Y. April 22, 2022); *Bruce E. Katz, M.D., P.C. v. Professional Billing Collections, LLC*, 1:20-cv-03043-AT, Doc. 1 (S.D. N.Y. April 16, 2020); *Bruce Katz v. Employee Awareness Association, LLC*, 2:20-cv-09056-DMG-SK, Doc. 1 (C.D. Cal. Oct. 2, 2020); *Bruce E. Katz, M.D., P.C. v. Focus Forward LLC*, 1:20-cv-02897-PAC, Doc. 1 (S.D. N.Y. April 8, 2020); *Bruce E. Katz, M.D., P.C. v. Fusion Pharmacy, LLC*, 1:20-cv-02907-LAK-SN, Doc. 1 (S.D. N.Y. April 8, 2020); *Bruce E. Katz, M.D., P.C. v. Locums Inc.*, 1:20-cv-02899-JGK, Doc. 1 (S.D. N.Y. April 8, 2020); *Bruce Katz v. MyPatientCalendar Inc.*, 1:22-cv-06936-AMD-TAM, Doc. 1 (E.D. N.Y. Nov. 14, 2022); *Bruce Katz v. Surgical Discounters LLC*, 5:21-cv-01208-JGB-KK, Doc. 1 (C.D. Cal. July 20, 2021).
[2]    The heading of the Fax states "From: Tony Ziegler." [*Id.*]

fails to plead any factual support sufficient to infer that the Fax was sent by OPS or on its behalf, as required for a violation of the TCPA.[3] For example, the Complaint contains no allegations regarding Tony Ziegler, or why OPS should be liable for faxes sent by him.

As will be discussed below, this falls short of federal pleading requirements. As such, the Court should dismiss the Complaint in its entirety.

II.   **MEMORANDUM OF LAW.**

   A.   **Legal Standard for Motion to Dismiss.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wiles v. Krueger Pizza, LLC*, 2022 WL 4095678, at *2 (M.D. Fla. Sept. 7, 2022) (citing Fed. R. Civ. P. 8(a)(2)). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* "[U]nwarranted deductions of fact in a complaint are not admitted as true for the

---

[3]   Interestingly, Tony Ziegler's telephone number has a 616 area code, which is assigned to telephones in Grand Rapids, Michigan, and steriledrugs.com does not mention OPS or its products at all. Further, there are many products and product lines on steriledrugs.com that are not even listed on the Fax, which begs the question of whether OPS' products would even be sold, as compared to the Fax simply attempting to trade on OPS's goodwill in order to sell products from another source altogether.

3

purpose of testing the sufficiency of the allegations." *Daisy, Inc. v. Pollo Operations, Inc.*, 2015 WL 1418607, at *5 (M.D. Fla. Mar. 27, 2015).

In considering a motion to dismiss, the Court considers "the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000). "Generally, if the exhibits conflict with the allegations in the complaint, the exhibits control." *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5231483, at *2 (M.D. Fla. Sept. 16, 2013); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir.2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern").

### B. The Complaint Fails to Sufficiently Plead that OPS Sent the Purported Fax.

"To state a claim for violation of the TCPA, a plaintiff must allege: (1) the fax is an advertisement; (2) the fax was unsolicited; and (3) the defendant(s) sent the fax to a telephone facsimile machine using a telephone facsimile machine, computer, or other device." *SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 3149360, at *2 (M.D. Fla. July 25, 2017). Plaintiff fails to sufficiently plead that OPS sent the purported Fax, as required under the third element. Dismissal of the Complaint is therefore warranted. *See Id.* (dismissing TCPA claim where plaintiff failed "to adequately allege which Defendant was the 'sender' of the fax").

To be held liable under the TCPA, OPS must be the "sender" of the alleged Fax. *See Cin-Q Auto., Inc. v. Buccaneers Ltd. P'ship*, 2014 WL 7224943, at *3 (M.D. Fla. Dec. 17, 2014). "Sender" is defined by regulation to mean "the person or entity on

whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(11). Notwithstanding the use of the disjunctive "or" in the foregoing definition, many courts have interpreted the TCPA to impose liability upon "a person whose services are advertised in an unsolicited fax transmission, *and* on whose behalf the fax is transmitted[.]" *Dairyland Animal Clinic, S.C. v. Amatheon, Inc.*, 2016 WL 11129919, at *3 (S.D. Fla. Sept. 30, 2016) (emphasis in original) (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254 (11th Cir. 2015)); *Cin-Q Auto., Inc.*, 2014 WL 7224943, at *4 (same).

Such courts have found that the fact that a defendant's products are advertised in a fax does not, in itself, mean that the defendant is the "sender" of the fax for purposes of the TCPA. *See Id.* at *6 (rejecting plaintiff's argument that "an individual or entity is *per se* a 'sender' under the TCPA merely because their goods and services appear as advertised in the faxes at issue"); *S.A.S.B. Corp. v. Concordia Pharm., Inc.*, 2017 WL 7796073, at *2 n.6 (S.D. Fla. Dec. 1, 2017) ("[T]he Court rejects Plaintiffs' argument that liability attaches to any defendant whose good or product is promoted in a fax advertisement, even if a defendant had nothing to do with the sending of the fax."); *Dairyland Animal Clinic, S.C.*, 2016 WL 11129919, at *3 ("To conclude that a defendant is always liable for faxes advertising her goods or services would allow an overzealous third party to expose a defendant to substantial liability without notice or without receiving any direction to do so.") (citations omitted). Accordingly, the mere fact that the alleged Fax references "Olympia Compounding Pharmacy" (Doc. 1, p.

5

14) and its purported products, without more, is not sufficient to impose liability upon OPS.[4]

Further, any allegation that OPS sent the Fax is contradicted by the Fax itself. The Fax clearly states that it was sent by an individual by the name of Tony Ziegler, rather than from OPS. [Doc. 1, p. 14 (stating, "From: Tony Ziegler").] It provides purported contact information for Mr. Ziegler and a website called "steriledrugs.com," and does not provide any contact information or website for OPS, or any other information indicating that OPS sent the Fax. The language of the Fax controls. *See Hamilton*, 2013 WL 5231483, at *2 ("Generally, if the exhibits conflict with the allegations in the complaint, the exhibits control."); *Griffin Indus., Inc. v. Irvin*, 496 F.3d at 1205–06 ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

---

[4] To the extent Plaintiff attempts to rebut the infirmities of the Complaint by citing other cases from this District, such as *Bobo's Drugs, Inc. v. Fagron, Inc.*, 314 F. Supp. 3d 1240 (M.D. Fla. 2018) and cases cited therein, such arguments should not persuade the Court. Unlike the Fax at issue in this action, the fax in *Bobo* expressly provided telephone numbers, email addresses, and websites for the defendants. *See Id.* at 1241-42. Other cases cited in *Bobo* are similarly distinguishable. *See Arkin v. Innocutis Holdings, LLC*, 188 F. Supp. 3d 1304, 1310 (M.D. Fla. 2016) (fax provided defendant's website, email, and telephone number); *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 232 F.Supp.3d 1201, 1205 (M.D. Fla. 2017) (contents of fax and plaintiff's allegations clearly tied the defendant to the fax) (citing *Supply Pro Sorbents, LLC v. Ringcentral, Inc.*, 2016 WL 5870111, at *4 (N.D. Cal. Oct. 7, 2016) (inclusion of defendant's name and website at the bottom of a fax promoted defendant's services and thus was "sufficient to permit Defendant to fall with[in] the statutory definition of sender")). Again, the Fax in this action provides no website or contact information whatsoever for OPS, and in fact expressly states that the Fax is from a third party, Tony Ziegler.

Plaintiff also fails to sufficiently plead that the Fax was sent on OPS's behalf. *See Cin-Q Auto., Inc.*, 2014 WL 7224943, at *3. The best attempt is the conclusory allegation that "[t]he Olympia Fax is part of Defendant's work product or operations to market Defendant's goods or services, which are performed by Defendant and/or on behalf of Defendant." [Doc. 1, p. 4, ¶ 16.] Despite this conclusory allegation, Plaintiff provides absolutely no factual support for this assertion. Again, the Complaint contains *no* allegations regarding Tony Ziegler or any connection that he may have with OPS, or why OPS should be held liable for faxes that Tony Siegler sends. *See SCOMA Chiropractic, P.A.*, 2017 WL 3149360, at *2 (dismissing TCPA claim where alleged fax described the product of an entity but complaint "fail[ed] to explain how – or even if – this entity is related to the [defendants.]"). Nor does the Complaint contain any factual allegations supporting an inference that the Fax was sent on OPS's behalf. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at *1 (citing *Iqbal*, 556 U.S. at 678). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Wiles*, 2022 WL 4095678, at *2 (quoting *Twombly*, 550 U.S. at 555).

In sum, since Plaintiff has failed to sufficiently plead that OPS is the sender of the purported fax, the Complaint fails as a matter of law and must be dismissed. *See SCOMA Chiropractic*, 2017 WL 3149360, at *2 (dismissing TCPA claim where plaintiff failed "to adequately allege which Defendant was the 'sender' of the fax").

### III. <u>CONCLUSION</u>.

For the foregoing reasons, OPS respectfully requests that this Court enter an Order dismissing the Complaint in its entirety, and granting such other relief as the Court may deem just and proper.

Dated this 20th day of June, 2023.

       STOVASH, CASE, SHAY & PEARCE, P.A.

       By: <u>/s/ Lance D. King</u>
       Amy S. Shay, Esquire
       Florida Bar No. 0068871
       Primary Email: ashay@scspaw.com
       Secondary Email: jvega@scsplaw.com
       Lance D. King, Esquire
       Florida Bar Number 0106047
       Primary Email: lking@scsplaw.com
       Secondary Email: elaluz@scsplaw.com
       The VUE at Lake Eola
       220 N. Rosalind Avenue
       Orlando, Florida 32801
       Telephone: (407) 316-0393
       Facsimile: (407) 316-8969
       *Counsel for Defendant*

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 20, 2023, I caused a true and correct copy of the foregoing to be served by CM/ECF on all parties listed to receive electronic service for this case.

       <u>/s/ Lance D. King</u>
       Lance D. King, Esquire