**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| BRUCE E. KATZ, M.D., P.C., D/B/A JUVA SKIN AND LASER CENTER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OPS INTERNATIONAL, INC., d/b/a Olympia Pharmaceuticals and Olympia Compounding Pharmacy, a Florida corporation,<br><br>　　　　　　　　Defendant. | Case No. 6:23-cv-00910-WWB-RMN |

**PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

This case challenges Defendant OPS International, Inc.'s d/b/a Olympia Pharmaceuticals and Olympia Compounding Pharmacy ("OPS" or "Defendant") serial violations of the Telephone Consumer Protective Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.) Specifically, OPS sent (either directly, or via its third-party partners) unsolicited fax advertisements to sell its pharmaceutical products. Rather than answer for its actions, Defendant seeks an early exit from the case by claiming that the complaint fails to adequately allege that it was the "sender" of the faxes within the meaning of the Act.

Fortunately for the class members harmed by its conduct, Defendant's motion seriously misses the mark and is premised on an inaccurate and outdated interpretation of the statute. That is, OPS asserts that Plaintiff was required to allege that OPS's products or services were advertised in the fax ads **and** that the fax was transmitted "on

behalf of" OPS. OPS primarily takes issue with the latter prong by claiming that the fax clearly demonstrates that it was not sent on its behalf. This is all wrong. The FCC's regulations, which are controlling, define a "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent **or** whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(11). Hence, Plaintiff may hold OPS liable as the sender so long as it meets either of the two prongs.

In any case, Plaintiff's allegations satisfy both prongs. Displayed at the top-center of the fax is OPS's logo and its trade name "Olympia Compounding Pharmacy". (Dkt. 1, Ex. A.) The fax also advertised OPS's goods or products—namely its various pharmaceutical drugs. (*Id.*) Plaintiff further alleged that the fax was part of OPS's work or operations to market its goods or services and that OPS created or made the faxes, transmitted the faxes, and profited from and received the benefits of the faxes. (Dkt. 1 ¶ 16.) Together, the allegations plausibly allege both that the faxes were sent on behalf of OPS and that the faxes advertised OPS's goods or services. OPS can (and should) be considered a "sender" under the Act.

For these reasons and as explained below, the Motion should be denied.

## II.   STATEMENT OF FACTS

To promote its goods and services, Defendant engaged in unlawful fax advertising. (Dkt. 1 ¶¶ 7-8.) Specifically, OPS (or a third-party acting on its behalf and for its benefit) created or made the fax at issue in this case (hereafter "Olympia Fax"), which advertised OPS's goods and services, namely its various pharmaceutical drugs. (*Id.* ¶ 15; Ex. A.) At the top-center of the fax, in large font, is Defendant's logo and trade name "Olympia

Compounding Pharmacy" and states that it is an "FDA Registered 503B Outsourcing Facility". (*Id.*, Ex. A.) The fax was part of OPS's work or operations to market its goods and service. (*Id.* ¶ 16.) Defendant also profited from and received the benefits of marketing its products via the fax. (*Id.* ¶ 14.)

On October 20, 2020, Plaintiff Bruce E. Katz, M.D., P.C. d/b/a Juva Skin and Laser Center ("Juva" or "Plaintiff") received the Olympia Fax sent by or on behalf of Defendant. (*Id.* ¶¶ 12-13.) Plaintiff never invited nor gave permission to Defendant to send the fax at issue and had no prior relationship with Defendant. (*Id.* ¶ 17.) As a result of Defendant's actions, Plaintiff filed the present action asserting a claim for a violation of the TCPA's prohibition against sending unsolicited fax advertisements. (*Id.* ¶¶ 30-41.)

Based on these facts, Plaintiff requests that the Court deny OPS's motion in its entirety.

## III.   ARGUMENT

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When ruling on motions to dismiss, "a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff." *Thornton v. City of St. Petersburg, Fla.*, No. 8:11-CV-2765-T-30TGW, 2012 WL 3128946, at *1 (M.D. Fla. Aug. 1, 2012) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

As explained next, the Complaint plausibly alleges that OPS was the "sender" of the fax based on the current regulations governing the TCPA.

### A.   Plaintiff adequately alleges that Defendant was the "sender" or the Olympia Fax—which promotes its goods and services.

For its central argument, Defendant contends that it is not a "sender" within the meaning of the TCPA's junk fax provisions. (Mot. at 4-7.) To hear OPS tell it, to be held liable as a "sender", Plaintiff must establish both that OPS's "services are advertised in an unsolicited fax transmission, **and** on whose behalf the fax is transmitted." (*Id.* at 4-5 (emphasis added)). The argument directly conflicts with the FCC's regulations governing the claims at issue and should be rejected.

Indeed, the FCC's regulations have defined the term "sender" to mean either "the person or entity on whose behalf a facsimile unsolicited advertisement is sent **or** whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(11) (emphasis added). The regulations became effective in 2006. *See Bobo's Drugs, Inc. v. Fagron, Inc.*, 314 F. Supp. 3d 1240, 1245 (M.D. Fla. 2018). The FCC also issued orders explaining and implementing the regulations as well in 2006 and 2008. *See In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3822 (2006); *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 23 F.C.C. Rcd. 15059, 15069 (2008).

Following the issuance of the regulations, most courts have consistently applied the FCC's disjunctive interpretation the term "sender". *See Arkin v. Innocutis Holdings, LLC*, 188 F. Supp. 3d 1304, 1309 (M.D. Fla. 2016) ("When the FCC defined "sender," liability was expanded to include the "on-whose behalf" standard and a strict liability standard for entities whose good or services were advertised.") (citing *Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886 (6th Cir. 2016)); *see also Bobo's Drugs, Inc.*, 314 F. Supp. 3d at 1245 (discussing the FCC's Orders interpreting "sender" under the Act)

4

(citations omitted). For this reason, a "sender" includes the company "whose goods or services are promoted in the unsolicited fax may be held strictly liable under the TCPA for its transmission, even absent a showing that the fax was sent on its behalf." *Bobo's Drugs, Inc.*, 314 F. Supp. 3d at 1245 (citations omitted); *see also Arkin*, 188 F. Supp. 3d at 1309; *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, 232 F. Supp. 3d 1201, 1204 (M.D. Fla. 2017).

Here, the pleadings are sufficient under either prong of the "sender" definition. First, Plaintiff alleges that Defendant transmitted the faxes to Plaintiff and the Class (*id.* ¶ 7); that OPS "created or made" the fax (*id.* ¶ 15); that the fax was part of OPS's work or operations to market its goods and service (*id.* ¶ 16); and that OPS profited from and received the benefits of the fax marketing (*id.* ¶ 14). Together, the allegations are sufficient to establish that the fax was sent by OPS or on behalf of OPS—indeed, it received all of the benefits of the faxes.

Second, Plaintiff also alleges (and the text of the fax demonstrates) that Defendant's "goods or services are advertised or promoted in the unsolicited advertisement". At the top-center of the unsolicited fax is Defendant's logo and its trade name "Olympia Compounding Pharmacy" (Dkt. 1, Ex. A.) The complaint also alleges that the fax advertised "Defendant's goods or products"—namely its various pharmaceutical drugs. (*Id.* ¶¶ 15-16; Ex. A.) Together, the allegations satisfy the second prong to be held liable as a "sender" of the fax at issue. *See Scoma Chiropractic, P.A.*, 232 F. Supp. 3d at 1205 (finding that a fax containing the "MasterCard logo" was sufficient to state a claim against MasterCard International Incorporated for a violation of the TCPA); *Bobo's Drugs, Inc.*, 314 F. Supp. 3d at 1246 (finding that a fax advertising defendant's program was

5

sufficient to state a claim under the TCPA); *Arkin,* 188 F. Supp. 3d at 1310 (denying a motion to dismiss because defendant's "goods are advertised or promoted in the Fax.").

In its motion, OPS incorrectly claims that "many courts" only find companies liable where "services are advertised in an unsolicited fax transmission, *and* on whose behalf the fax is transmitted". (Mot. at 4-5 (citing *Dairyland Animal Clinic, S.C. v. Amatheon, Inc.*, 2016 WL 11129919, at *3 (S.D. Fla. Sept. 30, 2016) (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254 (11th Cir. 2015))). This is wrong, and OPS's reliance on *Dairyland Animal Clinic* is misplaced. The *Dairyland Animal Clinic* decision was premised on a flawed reading of the Eleventh Circuit's *Sarris* case. Relevant here, the *Sarris* decision did not apply 47 C.F.R. 64.1200(f)(11). Rather, because the facts giving rise to the *Sarris* claims accrued in 2005 (*i.e.* prior to the FCC's 2006 regulations), the court acknowledged but did not apply the regulations to the facts of the case. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1255 n.9 (11th Cir. 2015). Instead, the court applied the FCC's 1995 rulings interpreting the TCPA. *Id.* For this reason, the *Sarris* decision was therefore not premised on FCC's most up-to-date regulations, and it is "fair to read [*Sarris*] as not limiting the definition of 'sender' under the current regulations." *Bobo's Drugs, Inc.*, 314 F. Supp. 3d at 1245 (citing *Arkin*, 188 F.Supp.3d at 1309); *Arkin*, 188 F. Supp. 3d at 1309.

Finally, Defendant's additional contention that it cannot be the sender because the fax "clearly states that it was sent by an individual by the name of Tony Ziegler, rather than from OPS" (mot. at 6)—is similarly off base. To start, the individual that physically sent the fax is by no means dispositive of the "sender" inquiry. *See In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of*

6

*2005*, 23 F.C.C. Rcd. 15059, 15069 (2008) ("In many cases, the facsimile 'sender' will not be the same party that actually transmits the facsimile to the recipient."). Nevertheless, OPS's attempt to push the blame to Mr. Ziegler or Steriledrugs.com is also not plausible. Indeed, the fax clearly advertises pharmaceutical drugs for sale from an "FDA Registered Facility". (*See* Dkt. 1, Ex. A.) But unlike OPS, neither Mr. Ziegler nor Steriledrugs.com is an FDA registered compounding pharmacy.[1] At the end of the day, OPS's suggestion that Mr. Ziegler is the "sender" is nothing more than an invitation for the Court to introduce contradictory allegations into the pleadings and then draw an inference regarding those allegations in favor of OPS. At the pleadings stage, this is improper.

Ultimately, the Complaint satisfies both of Section 64.1200(f)(11)'s disjunctive prongs. Because the pleadings satisfy both, OPS can be held liable as a "sender" regardless of which prong is applied. For this reason, OPS's motion should be denied.

### B. To The Extent The Court Finds That The Complaint Is Deficient, Plaintiff Should Be Granted Leave To Amend.

"Rule 15(a) requires that leave to amend 'be freely given when justice so requires.'" *Castano v. State Farm Mut. Auto. Ins. Co.*, No. 813CV03073T27JSS, 2015 WL 12838183, at *1 (M.D. Fla. July 7, 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2)). To the extent the Court determines that the complaint should be dismissed, Plaintiff respectfully request leave to amend to cure any defects.

### IV. CONCLUSION

The motion should be denied. As explained above, Plaintiff alleges that the Olympia Fax was both sent on behalf of OPS and that it advertises its goods and services.

---

[1] https://www.fda.gov/drugs/human-drug-compounding/registered-outsourcing-facilities (last visited on July 6, 2023).

7

Accordingly, Plaintiff requests that the Court deny the instant motion and order such additional relief as the Court deems necessary and just.

|  |  |
|---|---|
|  | **BRUCE E. KATZ, M.D., P.C.**, individually and on behalf of all others similarly situated, |
| Dated: July 10, 2023 | By: /s/ Patrick H. Peluso<br>One of Plaintiff's Attorneys |
|  | Ryan S. Shipp<br>Florida Bar ID 52883 ryan@shipplawoffice.com<br>Law Office of Ryan S. Shipp, PLLC<br>814 Lantana Road, Suite 1<br>Lake Worth, Florida 33462<br>Tel: (561) 699-0399 |
|  | Steven L. Woodrow*<br>swoodrow@woodrowpeluso.com<br>Patrick H. Peluso*<br>ppeluso@woodrowpeluso.com<br>Woodrow & Peluso, LLC<br>3900 E. Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Tel: 720-213-0676 |
|  | *Counsel for Plaintiff and the Alleged Class* |
|  | *\*pro hac vice* |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on July 10, 2023.

                                        /s/ Patrick H. Peluso